UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORI G., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:22-cv-0382 TL <br><br> ORDER REVERSING AND REMANDING FOR AN AWARD OF BENEFITS |

Plaintiff Lori G. seeks review of the denial of her applications by Defendant, the Commissioner of Social Security, for Disability Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Both parties agree the Administrative Law Judge ("ALJ") committed legal errors and the matter should be remanded but disagree to as to the scope of the remand. As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for an immediate award of benefits.

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 1

# I. Procedural History

Plaintiff protectively filed an application for DIB in August 2015 and filed an application for SSI in March 2016. Dkt. No. 11 at 101, 129, 138, 150, 255, 299. After her DIB application was denied upon initial review and on reconsideration by the Social Security Administration, Plaintiff requested a hearing before an ALJ in March 2016. *Id*. at 135, 145, 150, 176, 184–89. In August 2017, ALJ Tom Morris held a hearing for Plaintiff's claims, and issued a decision in December 2017, finding Plaintiff not disabled. *Id*. at 43–96, 147–64. Plaintiff requested review of ALJ Morris's decision to the Appeals Council, and her case was remanded back to the ALJ for further proceedings in July 2019. *Id*. at 165–69. On remand, the ALJ was directed to, *inter alia*, (1) "[g]ive further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations," and (2) "[o]btain supplemental evidence from a vocational expert to determine whether the claimant has acquired any skills that are transferable with very little, if any, vocational adjustment to other occupations." *Id.* at 168.

ALJ Richard Hlaudy held a hearing on remand in August 2021 and issued a decision in September 2021 finding Plaintiff, by then 63 years old, not disabled. *Id*. at 22–42, 97–127. Plaintiff again requested review of the ALJ's decision, but the Appeals Council denied Plaintiff's request on February 8, 2022. *Id*. at 6–10. Plaintiff now seeks this Court's review of the ALJ's September 2021 decision.

# II. Legal Standard

## A. Standard of Review

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record.

*Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *see also Havens v. Kijakazi*, No. 21-35022, 2022 WL 2115109, at *1 (9th Cir. June 13, 2022) (applying the standard and reversing ALJ's decision). The ALJ is responsible for evaluating evidence, in part by resolving conflicts in medical testimony and resolving any other ambiguities that might exist. *Ford*, 950 F.3d at 1149 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Ford*, 950 F.3d at 1154. The Court "must consider the entire record as a whole and may not affirm [the ALJ's decision] simply by isolating a specific quantum of supporting evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)) (internal quotations omitted). Finally, this Court "may not reverse an ALJ's decision on account of a harmless error." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)).

B.   The "Disabled" Determination

Under the Social Security Act, a claimant is considered "disabled" if: (1) the claimant is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," 42 U.S.C. § 1382c(a)(3)(A), and (2) the claimant's physical or mental impairment or impairments are of such severity that [the claimant] is not only unable to do [the person's] previous work but cannot, considering [the claimant's] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy," 42 U.S.C. § 1382c(a)(3)(B).

To determine whether a claimant is disabled within the meaning of the Social Security Act (and, therefore, eligible for benefits), an ALJ follows a five-step sequential evaluation

pursuant to 20 C.F.R. § 404.1520(a): (1) the claimant must not be engaged in "substantial gainful activity"; (2) the claimant's impairment or combination of impairments must be severe enough to significantly limit the claimant's "physical or mental ability to do basic work activities"; (3) the claimant's impairment(s) must meet or equal the criteria of an impairment in the "Listing of Impairments" ("Listings"); (4) the claimant's residual functional capacity (RFC) is assessed and the claimant must not be able to perform their "past relevant work"; and (5) the claimant must not be able to make an adjustment to other work. *See Ford*, 950 F.3d at 1148–49 (same). If the claimant fails to make the required showing at any of these steps, the ALJ's inquiry ends, and the claimant is found to not have a disability under the Social Security Act. The burden of proof is on the claimant at steps one through four but shifts to the agency at the fifth step to prove that "the claimant can perform a significant number of other jobs in the national economy." *Id.* at 1149 (citation omitted).

### III.  DISCUSSION

In this case, the ALJ determined that: (1) Plaintiff has not engaged in substantial gainful activity; (2) Plaintiff's lumbar degenerative disc disease and cervical degenerative disc disease are severe enough to significantly limit the claimant's "physical or mental ability to do basic work activities"; (3) Plaintiff's impairments do not meet or equal the criteria of an impairment in the Listings; (4) Plaintiff has the RFC to perform light work but cannot perform her past work; and (5) Plaintiff has transferable skills from her past relevant work and can adjust to working as a customer service presentative or a telephone sales representative. Dkt. No. 11 at 33–36. Therefore, the ALJ concluded that Plaintiff is not disabled. *Id*. at 36.

Plaintiff challenges the ALJ's findings at steps two, four, and five of the sequential evaluation process and the ALJ's failure to evaluate lay witness evidence. Plaintiff also requests

that this Court remand for an award of benefits. The Commissioner concedes that the ALJ's "September 2021 decision contained legal errors"—without specifying what those errors are beyond step five—but argues that the proper remedy is to remand for further proceedings. *See* Dkt. No. 14 at 2. After reviewing the record, the Court finds that: (1) the ALJ erred at steps two, four, and five; (2) the error at step five is dispositive, and (3) the cumulative errors warrant a remand for an award of benefits.

**A.    Step Two**

At step two of the sequential evaluation process, the claimant has the burden to show that he or she has a medically determinable impairment that is severe. *See Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001). Absence of objective medical evidence of a severe impairment may justify an adverse step two determination. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005). But an ALJ errs when medical evidence shows "more than a minimal effect on an individual's ability to work." *See Morsea v. Berryhill*, 725 F. App'x 463, 466 (9th Cir. 2018).

Here, the ALJ found at step two that Plaintiff's lumbar degenerative disc disease and cervical degenerative disc disease are severe but discussed no other possible severe impairments. *See* Dkt. No. 11 at 28. Plaintiff takes issue with this determination, arguing that she also suffers from severe chronic pain, depression, and anxiety. *See* Dkt. No. 13 at 5–6. The evidence Plaintiff points to shows that she was diagnosed with chronic neck pain and had anxiety and insomnia as related co-morbidities. *See id.*; Dkt. No. 11 at 586–87, 828, 847, 1128–29, 1256–57, 1237–38. The record also shows Plaintiff was being treated for major depressive disorder and generalized disorder. *See id.* at 925. The ALJ failed to discuss any of these treatment records. The ALJ "may not reject significant probative evidence without explanation." *Flores v. Shalala*, 49 F.3d 562,

570-71 (9th Cir. 1995) (internal quotations omitted). As the cited treatment records show, Plaintiff had additional diagnoses as well as mental impairments that could reasonably affect her ability to perform basic work activities, therefore the ALJ erred in failing to consider them at step two.

Further, when making the determination of severity at step two as to whether a claimant "has a medically determinable mental impairment" and "rat[ing] the degree of functional limitation," the ALJ is required "to follow a special psychiatric review technique." *See Keyser v. Comm'r SSA*, 648 F.3d 721, 726 (9th Cir. 2011). Specifically, the reviewer must: (1) determine whether an applicant has a medically determinable mental impairment, (2) rate the degree of functional limitation for four functional areas, (3) determine the severity of the mental impairment (in part based on the degree of functional limitation), and (4) then, if the impairment is severe, proceed to step three of the disability analysis to determine if the impairment meets or equals a specific listed mental disorder. *Id.* at 725. The ALJ must either complete a Psychiatric Review Technique Form and append it to the decision or incorporate its mode of analysis into the ALJ's findings and conclusions. *Id.* at 726. The ALJ did neither in this case. An ALJ's failure to do so if the claimant has a "colorable claim of mental impairment" is not harmless. *See id.* (citing *Gutierrez v. Apfel*, 199 F.3d 1048, 1051 (9th Cir. 2000)). Thus, the ALJ's failure to consider these records at step two results in a decision unsupported by substantial evidence in the record.

B.   **Step Four**

Additionally, Plaintiff contends that because the ALJ failed to find her mental impairments severe at step two, the ALJ further erred by failing to include any mental limitations into her RFC at step four. *See* Dkt. No. 13 at 8. An ALJ's assessment at step two is different

from an ALJ's RFC assessment; while the ALJ considers the severity of a medically determinable impairment at step two, in determining a claimant's RFC, the ALJ considers the most work a claimant can do despite the limitations caused by the impairments and engages a more detailed assessment. *See* Social Security Ruling ("SSR") 96-8p. Step two serves as a *de minimis* screening device to filter out weak or groundless claims. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Bowen v. Yuckart*, 482 U.S. 137, 153-54 (1987)). But it does not serve to identify the impairments to be considered in assessing a claimant's RFC. *Buck*, 869 F.3d at 1048-49. In determining a claimant's RFC, an ALJ must consider *all* of a claimant's impairments, severe or non-severe. *Id.* at 1049 (citing SSR 96-8p).

Though the ALJ provided a detailed, five-page analysis of Plaintiff's residual functional capacity, the entire analysis focused on Plaintiff's physical capacity with only two, brief passing references to Plaintiff's mental impairments. Dkt. No. 11 at 29–34. With regard to Plaintiff's mental impairments, the ALJ only included two sentences that discussed the treatment notes from Plaintiff's treating physician and referenced Plaintiff's counseling notes. *Id.* at 30 and 32.

Plaintiff also contends the ALJ erred by ignoring the testimony of Barbara Ruch, ARNP, regarding her mental health. Dkt. No. 11 at 780, 800–06; Dkt. No. 13 at 9–12. The Court agrees. Plaintiff filed her applications before March 27, 2017.[1] *See* Dkt. No. 11 at 129, 138, 150, 255. Under the medical evidence rules applicable at the time of her applications, in determining

---

[1] For applications filed before March 27, 2017, the ALJ weighs (1) medical opinion evidence based on the claimant's treating relationship with his or her medical source and (2) whether the medical opinion was provided by an "acceptable medical source" ("AMS") or a non AMS, such as a nurse practitioner. *See Woods v. Kijakazi*, 32 F.4th 785, 789 n.2 (9th Cir. 2022); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223–24 (9th Cir. 2010). On January 18, 2017, the agency revised the medical evidence rules, so that for applications filed on or after March 27, 2017, medical opinion evidence from all medical sources would be weighed according to the factors set forth in 20 C.F.R. §§ 404.1520c, 416.920c, whether or not the medical source is an AMS. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). Because Plaintiff filed her applications prior to March 27, 2017, the Court applies the pre-March 2017 medical evidence rules.

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 7

disability, "'an ALJ must consider lay witness testimony concerning a claimant's ability to work.'" *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Stout v. Comm'r SSA.*, 454 F.3d 1050, 1053 (9th Cir. 2006)). Lay witness statements regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ cannot disregard competent lay witness evidence without comment. *Rounds v. Comm'r SSA*, 807 F.3d 996, 1007 (9th Cir. 2015). The ALJ in this case did not address Ms. Ruch's testimony at all, let alone provide a germane reason to discount it. *See* Dkt. No. 11 at 25–29. Thus, in disregarding Ms. Ruch's testimony "without comment," the ALJ erred. *See Rounds*, 807 F.3d at 1007. This error was compounded by the error at Step Two, *see supra* Section III.A, resulting in a decision unsupported by substantial evidence in the record.

**C.     Step Five**

At step five of the sequential evaluation process, the ALJ has the burden of determining whether "the claimant can perform a significant number of other jobs in the national economy." *See Ford*, 950 F.3d at 1149. If the claimant is not able to do so, the ALJ must find the claimant disabled. *Id*. The ALJ meets the burden of showing that there is other work in "significant numbers" in the national economy by utilizing (1) the testimony of a vocational expert ("VE"), or (2) by referring to the Medical-Vocational Guidelines ("the Grids") at 20 C.F.R. pt. 404, subpt. P, app. 2. *See Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006). Referring to the Grids is "a short-hand method" for determining whether a claimant is disabled. *See id*. The Grids consist of three separate tables: the first table applies to claimants who are limited to sedentary work, the second table to claimants who are limited to light work, and the third table to

claimants who are limited to medium work. 20 C.F.R. § 404, subpt. P, app. 2. Each table then consists of various factors relevant to the claimant: age, education, and previous work experience. *See id*. Based on the combinations of these factors, the Grids direct a finding of either "disabled" or "not disabled." *See id*.

"For purposes of applying the [G]rids, there are three age categories: younger person (under age 50), person closely approaching advanced age (age 50–54), and person of advanced age (age 55 or older)." *Lockwood v. Comm'r SSA*, 616 F.3d 1068, 1071-72 (9th Cir. 2010) (citing 20 C.F.R. § 404.1563(c)–(e)). For SSI applications, the age of a claimant at the time of the ALJ's decision governs. *See Little v. Berryhill*, 690 F. App'x 915, 917 (9th Cir. 2017) ("A claimant's age should be considered at the time of the ALJ's decision."). For DIB applications, the age of the claimant at their date last insured governs. *See* 20 C.F.R. 404.1563(b) ("We will use . . . the age categor[y] that applies to you during the period for which we must determine if you are disabled."); *see also Schiel v. Comm'r SSA*, 267 F. App'x 660, 661 (9th Cir. 2008) (using claimant's age on their date last insured to determine age category in the Grids). At the time of ALJ's decision, Plaintiff was 63 years old, and on Plaintiff's date last insured of December 31, 2016, Plaintiff was 58 years old. *See* Dkt. No. 11 at 28. Therefore, Plaintiff is considered a "person of advanced age" for both applications. Plaintiff had at least a high school education, her previous work were at least semi-skilled, and the VE testified that Plaintiff had transferable skills. Dkt. No. 11 at 34–36, 118–24; 20 C.F.R. §§ 404.1568(b)–(c), 416.968(b)–(c).

Based on these factors and the ALJ's finding that Plaintiff had the RFC to perform light work, the ALJ found that Plaintiff's case is governed by Rule 202.07, found in the second table, which generally directs a finding of "not disabled." *Id*. at 24; *see also* 20 C.F.R. pt. 404, subpt. P, app. 2 (Rule 202.07). Plaintiff, however, argues that her case is governed by Rule 202.06, which

directs a finding of "disabled." *See id*. (Rule 202.06). The Grids are reproduced here in relevant part:

| Rule | Age | Education | Previous work experience | Decision |
|---|---|---|---|---|
| 202.06 | Advanced age | High school graduate or more – does not provide for direct entry into skilled work | Skilled or semiskilled – skills are not transferable | Disabled. |
| 202.07 | Advanced age | High school graduate or more – does not provide for direct entry into skilled work | Skilled or semiskilled – skills are transferable | Not disabled. |

The difference between the two Rules is solely based on the transferability of a claimant's previous work skills. Therefore, whether the Court finds Rule 202.06 or Rule 202.07 governs depends on whether the ALJ's finding on the transferability of Plaintiff's work skill is supported by substantial evidence.

Plaintiff's urges the Court to find that Rule 202.06 applies because the VE's testimony that she has transferable skills is undermined by the VE's own testimony that the jobs Plaintiff can perform have undergone "significant" changes. *See* Dkt. No. 11 at 125. According to Plaintiff, the ALJ must find her disabled on remand and thus requests that this Court remand for an immediate award of benefits. *See* Dkt. No. 13 at 18–19; Dkt. No. 15 at 7–10.

The Court is persuaded by Plaintiff's arguments. The ALJ must consider "special rules for persons of advanced age and for persons in this category who are closely approaching retirement age (age 60 or older)" when determining whether a claimant is able to adjust to other work. *See* 20 C.F.R. §§ 404.1564(e), 416.963(e). The regulations state that in order to find a

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 10

claimant such as Plaintiff (*i.e.*, 60 years or older with severe impairments limiting them to no more than light work) with transferable skills, the light work the ALJ believes the claimant is able to adjust to must be "so similar to [the claimant's] previous work that [the claimant] would need to make very little, if any, vocational adjustment in terms of tools, work, processes, work settings, or the industry." *See* 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4). "In order to establish transferability of skills for such individuals, the semiskilled or skilled job duties of their past work must be so closely related to other jobs which they can perform that they could be expected to perform these other identified jobs at a high degree of proficiency with a minimal amount of job orientation." SSR 82-41.

Here, during the hearing, the ALJ inquired whether vocational adjustment would be needed for the four jobs the VE had identified. *See* Dkt. No. 11 at 122. The VE replied that no vocational adjustment would be required because Plaintiff's skills—namely working with customers and answering questions—would transfer to the jobs he had identified. *See id*. However, when asked by Plaintiff's counsel how technology has impacted the jobs he had identified, the VE replied:

> I guess the biggest change would be the use of computers and the things that computers can do even in the last ten years, the speed of which computers operate and the programming, that has evolved[,] I guess you could say. I'm not sure how long ago that she did that customer service work, but if it's been more than ten years, there could be some changes in those technical skills that might be significant . . . If we're going back ten years . . . there would be some differences in terms of the technical skills, that's correct.

*See id*. at 125. It is common sense that there will be "differences in terms of technical skills" needed for a person that has been out of the workforce for the last decade given how rapidly technology has advanced. Given this testimony and that Plaintiff's most recent work was in 2007—well over 10 years ago—the Court cannot say there is substantial evidence showing that

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 11

Plaintiff could perform any of the jobs the VE identified "at a high degree of proficiency with a minimal amount of job orientation." *See* SSR 82–41. *See also Bray v. Comm'r SSA*, 554 F.3d 1219, 1224, n.5 (9th Cir. 2009) (finding that the ALJ erred by failing to make a finding whether any skills the claimant acquired from being "'exposed to computers'" 15 years prior to the hearing "were still current, much less that they were transferable"); *Renner v. Heckler,* 786 F.2d 1421, 1424 (9th Cir. 1986) (finding an ALJ's finding of transferable skills erroneous when the jobs the VE testified to appeared "to require some adjustment to new industries and work settings").

Moreover, throughout the five-step evaluation, the ALJ "is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Ford*, 950 F.3d at 1149. The ALJ here failed to properly resolve the VE's conflicting statements regarding the transferability of Plaintiff's skills. *See* Dkt. No. 11 at 35–36. The ALJ noted that Plaintiff had acquired the following skills from her previous work: taking customers' orders, investigating customers' complaints about merchandise, explaining billing issues and problem solving. *Id*. at 35. But the ALJ did not rule on whether Plaintiff had transferable computer skills. *See id*.

The Court finds that the ALJ's finding that Plaintiff's skills from her past work are transferable is not supported by substantial evidence, and therefore, Rule 202.06 governs. Accordingly, the Court finds the ALJ erred at step five and a finding of disability according to the Grids is warranted in this case.

D.     **Whether to Remand for Further Proceedings or An Award of Benefits**

The Court has found that Rule 202.06 applies here and that this warrants a finding of disability under the Grids. *See* 20 C.F.R. pt. 404, subpt. P, app. 2 (Rule 202.06). "Where the grids dictate a finding of disability, the claimant is eligible for benefits . . ." *Cooper v. Sullivan*,

880 F.2d 1152, 1155 (9th Cir. 1989). "[A] finding of *disability* [under the Grids] ... must be accepted by the [Commissioner] ...." *Barnes v. Berryhill*, 895 F.3d 702, 707 (9th Cir. 2018) (citing *Lounsburry*, 468 F.3d at 1116). Furthermore, Plaintiff first applied for benefits over seven and one-half years ago. *See* Dkt. No. 11 at 129, 138, 150, 255. She is now 64 years old and at the upper number to be considered close to retirement age. *See* 20 C.F.R. §§ 404.1563(e), 416.963(e); Dkt. No. 11 at 124, 133. Given that the Commissioner concedes that the ALJ committed errors at Step 5 (Dkt. No 14 at 1), and that the original decision had already been remanded for further analysis on the same issue (Dkt. No. 11 at 168), the Court cannot find that remanding yet again and further delaying Plaintiff's application for further administrative proceedings would serve a "useful purpose." *Benecke v. Barnart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."). Accordingly, the Court reverses the ALJ's decision and remands for an award of benefits.

## IV.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for an award of benefits under 42 U.S.C. § 405(g).

Dated this 23rd day of March 2023.

Tana Lin
United States District Judge

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 13