1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

LORI G.,

8
                         Plaintiff,

9
            v.

10
COMMISSIONER OF SOCIAL SECURITY,

11
                         Defendant.

12

CASE NO. 2:22-cv-0382 TL

ORDER RELATING TO MOTION FOR
ATTORNEY FEES

13

14         This matter comes before the Court on Plaintiff's unopposed motion for attorney fees

15    pursuant to 42 U.S.C. § 406(b). Dkt. No. 21.

16         On March 23, 2023, this Court entered final judgment reversing the Commissioner's

17    decision and remanding for an award of Disability Insurance Benefits ("DIB") and

18    Supplementary Security Income ("SSI") benefits. Dkt. No. 17. On June 15, 2023, the Court

19    granted Plaintiff's unopposed motion for attorney fees in the amount of $10,500 under the Equal

20    Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 20. Plaintiff now seeks $13,012.38

21    in attorney fees under 42 U.S.C. § 406(b). Dkt. No. 21.

22         The Court may award reasonable attorney fees to a successful social security claimant's

23    attorney pursuant to 42 U.S.C. § 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

ORDER RELATING TO MOTION FOR ATTORNEY
FEES - 1

1    The amount of the award cannot exceed 25 percent of a claimant's past-due benefits.

2    42 U.S.C. § 406(b)(1)(A). If the Court awarded fees under the EAJA, the claimant's attorney

3    must refund to the claimant the amount of the smaller fee. *See Gisbrecht*, 535 U.S. at 796. The

4    attorney fee award under 42 U.S.C. § 406(b) is paid by the claimant out of the past-due benefits

5    award, not by the losing party, and the claimant's attorney bears the burden of demonstrating the

6    requested fee is reasonable. *See id.* at 807.

7        When a contingency fee agreement applies, the Court will first look to the agreement to

8    determine whether the claimant's attorney's request is reasonable. *Id.* at 808; *see also Crawford*

9    *v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). If the fee request is consistent with the

10    fee arrangement and is within the statutory maximum of 25 percent of past-due benefits, the

11    Court then conducts an "independent check" to determine whether the requested fee is

12    reasonable "based on the character of the representation and the results the representative

13    achieved." *See Gisbrecht*, 535 U.S. at 807–08. "A fee resulting from a contingent-fee agreement

14    is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard

15    representation or engaged in dilatory conduct in order to increase the accrued amount of past-due

16    benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the

17    case'" such that the requested fee "would constitute a windfall." *Crawford*, 586 F.3d at 1148,

18    1151 (*quoting Gisbrecht*, 535 U.S. at 808).

19        Plaintiff's attorney states in the instant motion that "according to Defendant," 25 percent

20    of Plaintiff's past-due DIB and SSI benefits withheld for attorney fees total $23,512.48. Dkt. No.

21    21 at 1. Plaintiff's attorney reduced this amount and is requesting $13,012.48 after crediting to

22    Plaintiff the $10,500 in EAJA fees this Court awarded in June 2023. *See* Dkt. No. 20; Dkt.

23    No. 21 at 1–2. Plaintiff's attorney states that of Plaintiff's past-due benefits of $23,512.48,

1   $20,150.98 is from Plaintiff's DIB payments and $3,361.50 is from Plaintiff's SSI payments.

2   Dkt. No. 21 at 1. Plaintiff cites to the agency's two notices of award to support these

3   calculations. *See* Dkt. No. 22-2 at 1–28. One notice of award dated May 10, 2023, shows

4   Plaintiff's back SSI payments total $13,446—25 percent of this amount is $3,361.50. *See* Dkt.

5   No. 22-2 at 6. The other notice of award dated August 15, 2023, includes a chart of Plaintiff's

6   back DIB payments beginning August 2015, but it does not state or indicate how much, if any, of

7   those payments were being withheld to pay attorney fees. *See* Dkt. No. 22-2 at 1–2. Instead, the

8   notice states that the chart shows Plaintiff's "benefit amount(s) before any deductions or

9   rounding." Dkt. No. 22-2 at 2. It states the amount Plaintiff will receive "may differ from [her]

10  full benefit amount," that the agency must deduct certain amounts for Medicare premiums and

11  worker's compensation offset, and that the agency must round down to the nearest dollar. *Id*.

12  While the notice does state that the agency is withholding benefits for August 2015 through July

13  2023, it also states that the agency may reduce these benefits if Plaintiff received SSI benefits for

14  this period, and that when the agency decides whether or not to reduce her benefits, the agency

15  will send another letter. *Id*. No additional letter from the agency is included in the record.

16          Several of the *Gisbrecht* factors weigh in favor of an award under 42 U.S.C. § 406(b).

17  Plaintiff agreed to pay her attorney 25 percent of her past-due benefits if he successfully

18  represented her before this Court. Dkt. No. 22-1 at 1. This matches the percentage cap under the

19  statute, and this Court has previously found this to be "a typical fee arrangement in social

20  security appeals." *See Brazile v. Comm'r of Soc. Sec.*, No. C18-5914, 2022 WL 503779, at *3

21  (W.D. Wash. Feb. 18, 2022). The Court also finds no reason to reduce the request, as Plaintiff's

22  attorney provided standard representation that resulted in a favorable decision for Plaintiff, and

23  there is no indication his request would result in a windfall. Further, Plaintiff's attorney made

1    sure to credit Plaintiff the $10,500 in EAJA fees the Court awarded him in June 2023. Dkt. No.

2    20.

3         But it is not clear to the Court how Plaintiff or Defendant determined that $20,150.98

4    totals 25 percent of Plaintiff's past-due DIB benefits. The Court is not familiar with the agency's

5    internal processes for calculating a claimant's past-due benefit amounts, and without an accurate

6    accounting of the actual amount of Plaintiff's past-due DIB benefits, the Court cannot fully

7    assess Plaintiff's request according to the *Gisbrecht* factors. *See Gisbrecht*, 535 U.S. at 807. The

8    Court acknowledges Defendant had no opposition to Plaintiff's motion, but it must nonetheless

9    conduct an independent review to ensure the reasonableness of Plaintiff's request under 42

10   U.S.C. § 406(b). *See id*. Without more information, the Court declines to issue an order directing

11   payment of attorney fees at this time.

12        The Court hereby ORDERS the Parties to submit documentation explaining how Plaintiff's

13   past-due DIB benefits was calculated **by September 21, 2023**. Upon receipt of this information,

14   the Court will rule on Plaintiff's motion.

15        Dated this 14th day of September 2023.

16

17                                    _____
                                      Tana Lin
18                                    United States District Judge

19

20

21

22

23

ORDER RELATING TO MOTION FOR ATTORNEY
FEES - 4